### METZGER et al. v. MARTIN et al.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. JUDICIAL SALE—PURCHASER—EASEMENT—ADVERSE POSSESSION.
Where real estate sold at partition sale has a right of way over the lands of a third person, which has been used with the knowledge of the third person, and without any objection by him, for more than 50 years, and the way is one of necessity, manifest to the third person, the purchaser is compelled to take the title, the proof establishing the easement by adverse possession being clear and strong.

Appeal from Special Term, Westchester County.

Action by Adella C. Metzger and another against Albert S. Martin and others. From an order denying the motion of John H. Shults to be relieved from the purchase of the premises sold in the action, he appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Henry T. Dykman, for appellant.
Maurice Dillon, for respondents.

WILLARD BARTLETT, J. The property purchased by the appellant at the partition sale is entirely shut off from the highway, which can only be reached therefrom by passing over lands belonging to a person who was not a party to the action. Under the terms of sale the purchaser is entitled to a right of way over such inclosing lands. There is no record title to this easement in the owner of the inclosed lot, and the only question presented in the court below and upon this appeal is whether the proof has established a good title by prescription, which the purchaser ought to be compelled to take.

The case is analogous to those in which it has been held that the purchaser at a judicial sale or under a contract may be compelled to take a title founded upon adverse possession. Seymour v. De Lancey, Hopk. Ch. 436, 14 Am. Dec. 552; Shriver v. Shriver, 86 N. Y.

575; Baker v. Oakwood, 123 N. Y. 16, 28, 25 N. E. 312, 10 L. R. A. 387; Ottinger v. Strasburger, 33 Hun, 466, affirmed 102 N. Y. 692. These authorities, however; all agree in holding that the proof requisite to establish the title by adverse possession in such cases must be clear and strong, and it was suggested in the Shriver Case that the cogency of the evidence should be such as would call upon the trial court in an action at law to instruct the jury to find that adverse possession had been made out as matter of fact.   The same rule must apply where the purchaser is entitled to an easement, and the only easement which the vendor is able to convey is one founded by prescription.   In this view we have carefully examined the affidavits which were presented to the Special Term in support of the contention of the respondents that the right of way in question here has been used with the knowledge of the owners of the servient estate and without any objection by them for more than half a century. There is no evidence whatever in opposition to the statements contained in these affidavits; and we have the further fact that the right of way is one of necessity, and that this must always have been manifest to the owners of the inclosing lands from the time when the inclosed lot was separated from them, in 1838.   Without reviewing the evidence in detail, it is enough to say that we have reached the conclusion that there is no reasonable doubt in regard to the title so far as this easement is concerned.

We have therefore concluded to affirm the order.

Order affirmed, with $10 costs and disbursements.   All concur.